974 F.Supp. 1455 (1997)
The TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 487 HEALTH AND WELFARE TRUST FUND, Trustees of the International Union of Operating Engineers Local 487 Pension Trust Fund, and Trustees of the Operating Engineers Apprenticeship and Training Trust Fund, Plaintiffs,
v.
GIMROCK CONSTRUCTION, INC., a Florida Corporation, Defendant.
No. 97-0072-CIV.
United States District Court, S.D. Florida.
July 15, 1997.
*1456 Kathleen M. Phillips, Kaplan & Bloom, Coral Gables, FL, for Plaintiffs.
Donald T. Ryce, Hogg, Ryce & Hudson, Miami Beach, FL, for Defendant.
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ORDER DIRECTING DEFENDANT TO FILE ANSWER
MORENO, District Judge.
THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (docket no. 4), filed on February 4, 1997.
THE COURT has considered the motion, response, reply, and the pertinent portions of the record and is otherwise fully advised in the premises. Because the Court finds that the Eleventh Circuit recognizes the adoption by conduct doctrine in Section 8(f) cases such as this one, it is
ADJUDGED that Defendant's motion to dismiss is DENIED.

LEGAL STANDARD
A court will not grant a motion to dismiss unless the plaintiff fails to prove any facts that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well pleaded facts as true. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); St. Joseph's Hospital, Inc. v. Hospital Corp. of America, 795 F.2d 948 (11th Cir.1986).

FACTUAL BACKGROUND
The Trustees of various labor union trust funds have brought suit against Gimrock Construction, Inc., alleging in a one count complaint that Gimrock breached a collective bargaining agreement by failing to make contributions to union fringe benefit plans. Plaintiffs' claim is based on the "adoption by conduct" doctrine. The disposition of the instant motion turns on whether this Circuit recognizes that doctrine in labor disputes arising under Section 8(f) of the Labor Management Relations Act, 29 U.S.C. § 158(f).
Defendant Gimrock entered into several successive written collective bargaining agreements with Plaintiffs' union to complete certain construction projects. Those agreements were made pursuant to Section 8(f) of the Labor Management Relations Act, 29 U.S.C. § 158(f). That section provides in relevant part:
It shall not be an unfair labor practice under subsections (a) and (b) of this section for an employer engaged primarily in the building and construction industry to make an agreement covering employees engaged (or who, upon their employment, will be engaged) in the building and construction industry with a labor organization of which building and construction employees are members (not established, *1457 maintained, or assisted by an unfair labor practice) because (1) the majority status of such labor organization has not been established under the provisions of section 159 of this title prior to the making of such agreement....
Essentially, for purposes of this motion, Section 8(f) provides an exemption for construction companies from the general rule that an employer can only enter into labor agreements with a union if that union has certified its majority status.[1] In other words, if the employer is a construction company, that employer can negotiate directly and enter into labor agreements with a union even though a majority of the company's employees are not union members. The purpose of this exemption is to enable employers engaged in the construction industry to anticipate labor costs prior to bidding on a particular contract, that is, prior even to hiring a single employee. S.Rep. No. 187, 86th Cong., 1st Sess. (1959), U.S.Code Cong. & Admin.News 2318 at 2344-2345.
The project agreements here were made pursuant to Section 8(f), and under those agreements Defendant had certain obligations to pay for fringe benefits associated with the construction projects specified in those agreements. There is no dispute that Defendant satisfied those obligations. The Trustees allege, however, that the Defendant went further: through its conduct, Defendant adopted the terms of those project agreements as to other construction projects not specified in the original agreements. According to the Trustees, Defendant thereby assumed the legal obligation to make fringe benefit contributions with regard to the unspecified projects as well, and has breached these implied agreements by its failure to do so.
Defendant moves to dismiss the Complaint on the grounds that the adoption by conduct doctrine, while recognized in other areas of contract and labor law, has no application to Section 8(f) contracts. For the reasons stated below, the Court disagrees.

LEGAL ANALYSIS
As discussed above, Section 8(f) "prehire" contracts get special treatment under the Labor Management Relations Act. Normally, under the Act an employer may not enter into a collective bargaining agreement with a union before that union has achieved majority status. Conversely, if a union establishes its majority status pursuant to Section 9(a), it becomes the exclusive representative of the employees, and an employer is obligated to negotiate exclusively with the union. When the employer is a construction company, Section 8(f) modifies those rules. It allows a construction employer to enter into a pre-hire agreement with a union even before the union achieves majority status.
Until recently, those agreements could be repudiated by either party at any time prior to the union's achieving majority status. Once the union made a showing of majority support, however, a pre-hire agreement converted from an 8(f) agreement to a 9(a) agreement and immediately took on the status of a full and binding collective bargaining agreement.
Under this regime, courts generally recognized the doctrine of adoption by conduct. In a binding Firth Circuit case, the court in NLRB v. Haberman Constr. Co., stated: "It is well settled that a union and employer's adoption of a labor contract is not dependent on the reduction to writing of their intention to be bound. Instead, what is required is conduct manifesting an intention to abide by the terms of the agreement." 641 F.2d 351, 355 (5th Cir.1981) (citations omitted). Later cases in both the Fifth Circuit, Carpenters Amended and Restated Health Benefit Fund v. Holleman Constr. Co., 751 F.2d 763 (5th Cir.1985), and the Eleventh Circuit, Trustees of the Atlanta Iron Workers, Local 387 Pension Fund v. Southern Stress Wire Corp., 724 F.2d 1458 (11th Cir.1983), applied this principle.
In Deklewa v. International Ass'n of Bridge, Structural and Ornamental Iron Workers, Local 3, 282 N.L.R.B. No. 184, 1987 WL 90249 (1987), the Board changed its policy somewhat on the treatment of Section 8(f) pre-hire contracts. Reversing previous Board decisions, it held that, in order to ensure stability in the pre-hire setting, an employer who has entered into a Section 8(f) *1458 agreement could not repudiate the agreement, but was instead bound to the terms of the agreement until it expired. The Deklewa Board also went on to reiterate that once the agreement had terminated, the employer was not bound to any new agreements, and the union could not strike in order to compel the employer to sign a new collective bargaining agreement.
At least one court has taken Deklewa to signify a change in the Board's treatment of the adoption by conduct doctrine in the Section 8(f) setting. The Ninth Circuit in Hawaii Carpenters' Trust Funds v. Henry, 906 F.2d 1349, 1355 (9th Cir.1990), stated:
Since Deklewa mandates that the 8(f) employer is to be bound to the collective bargaining agreement for the life of the agreement without any evidence that the Union represents the majority of its employees, we decline the invitation to insist that an intent to be bound can be demonstrated by use of the adoption by conduct doctrine. The 8(f) employer is distinguishable from an employer outside the 8(f) setting. In the case of an employer outside of the pre-hire setting, the union represents a majority of the employees. Thus, at the termination of a collective bargaining agreement, the employer is obligated to bargain with the union for a new agreement. Adoption by conduct, as applied in that setting, focuses on whether the employer has adopted an agreement by his conduct rather than through the negotiations in which he would otherwise be obligated to participate.
In the 8(f) setting, conduct would be used to create an agreement under much more ambiguous circumstances, for the employer would have no antecedent duty to even attempt to negotiate an agreement. Far from creating a more stable labor environment, the use of the doctrine in the 8(f) setting could encourage increased litigation on the issue of whether the employer had adopted an agreement. Considering the unique characteristics of the 8(f) setting, the union could remove all doubt by relying on something more than conduct. If it wished to have the employer bound to an agreement, it could insist upon an express agreement.
The Hawaii Carpenters court distinguished several NLRB cases applying the adoption by conduct theory on the grounds that in each, the union had achieved majority status and was therefore no longer an 8(f) employer.
The Court is not persuaded that the NLRB's decision in Deklewa has any bearing on the adoption by conduct doctrine. Deklewa, as the Court reads it, addressed only the employer's ability to repudiate a Section 8(f) agreement. Adoption by conduct, on the other hand, focuses on whether or not the existence of an agreement can be inferred in the first place. Rather, the justifications offered by the Hawaii Carpenters court for rejecting the adoption by conduct doctrine are based not upon any change in the law instituted by Deklewa but upon the nature of the Section 8(f) relationship itself. As the court there stated, up until the union certifies its majority status, a Section 8(f) employer is different because such an employer has no obligation even to attempt to negotiate a new collective bargaining agreement with the union upon the expiration of the pre-hire agreement. In such ambiguous circumstances, Hawaii Carpenters holds, it would be futile for a fact-finder to try to determine whether or not the employer adopted an agreement through its conduct. If the union wishes the employer to be bound by an agreement, it can insist on reducing the agreement to writing.
All of these justifications, however, were equally valid even prior to Deklewa. Section 8(f) employers have never been obligated to negotiate exclusively with labor unions. Deklewa held only that if an agreement is reached, it will be binding on all sides. Indeed, it would seem then that contrary to the court's opinion in Hawaii Carpenters, Deklewa has in fact rendered labor relations in the Section 8(f) setting less ambiguous, not more. Moreover, if the adoption by conduct doctrine has any valid application at all, the Section 8(f) setting would seem to offer the most compelling justification for it. Precisely because the employer has no obligation to negotiate with the union upon the expiration of a Section 8(f) agreement, a rule of law might be necessary to prevent employers from acting as if there were a continuing *1459 agreement and then reneging when the terms of that agreement become oppressive or undesirable. To the contrary, outside of the Section 8(f) context, where employers are bound to negotiate a collective bargaining agreement, unions seem less in need of the protection of the adoption by conduct doctrine, and in those cases truly have the bargaining power to insist on the reduction of all agreements to writing.
Ultimately, however, the Court need not address these concerns because it is clear that this Circuit recognizes the adoption by conduct doctrine in the Section 8(f) setting. First, as noted above, the Fifth Circuit's decision in Haberman, the seminal opinion applying the adoption by conduct doctrine, is binding precedent in this Circuit. Moreover, the Eleventh Circuit reiterated the rule of Haberman in Southern Stress. Defendant attempts to distinguish Haberman as a case where the union had achieved majority status and was therefore not a true Section 8(f) employer. Even assuming that this argument has force, Southern Stress did involve a case where the employer was a true Section 8(f) employer as the union could not prove majority status. Defendant tries to dismiss Southern Stress on the grounds that it applied Haberman without properly considering whether or not it was appropriate to do so in the Section 8(f) context. And while it may be true that the court in Southern Stress did not give the issue extensive consideration, it would not be proper for this Court to reject the rule of Southern Stress on those grounds. Finally, Defendant urges the Court to refuse to follow both Haberman and Southern Stress in light of the NLRB's Deklewa decision. As discussed above, the Court is not persuaded that the Board's change of position on the binding nature of Section 8(f) contracts in Deklewa has any bearing on the adoption by conduct doctrine.
The strongest argument for creating the exception that the Defendant seeks is a footnote in the NLRB's opinion in Garman Constr. Co. v. International Brotherhood of Teamsters which states: "We do not find [the] adoption-by-conduct doctrine to be applicable in 8(f) cases." 287 N.L.R.B. No. 12 n. 5, 1987 WL 90128 (Dec. 14, 1987). While that language seems clear enough, the Court finds that on balance, it is insufficient. The National Labor Relations Board's opinions, although persuasive authority and generally followed, see U.S. Mosaic Tile Co. v. N.L.R.B., 935 F.2d 1249 (11th Cir.1991), are not binding on federal courts. The Court finds that it would not be judicious to reject binding precedent in this Circuit and to dismiss a case based on a lone, unexplained footnote in a Board opinion on a different issue.

CONCLUSION
In short, despite some evidence that both the National Labor Relations Board and the Ninth Circuit have rejected the application of the adoption by conduct doctrine to Section 8(f) cases such as this one, the doctrine is firmly recognized by the Eleventh Circuit in labor cases in general and in the Section 8(f) context specifically. As a result, it is
ADJUDGED that Defendant's Motion to Dismiss is DENIED. Defendant shall file an answer to Plaintiffs' Complaint no later than July 31, 1997.
NOTES
[1] "Majority status" simply means that a majority of the employees are union members.